**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DAVID DE LOTTA,**

        **Plaintiff,**

**-vs-**                              **Case No. 6:08-cv-2033-Orl-22KRS**

**DEZENZO'S ITALIAN RESTAURANT,**
**INC. and ARTHUR ALLERS,**

        **Defendants.**

## ORDER

### I. INTRODUCTION

This cause is before the Court for consideration of Plaintiff David De Lotta's ("De Lotta") Motion for Entry of Default Final Judgment (Doc. No. 11), filed on March 23, 2009.

United States Magistrate Judge Karla R. Spaulding has submitted a report (Doc. No. 28) recommending that the motion be denied. After an independent *de novo* review of the record in this matter, including the objections filed by De Lotta, the Court agrees entirely with the findings of fact and conclusions of law in the Report and Recommendation ("R & R").

### II. PROCEDURAL HISTORY

On December 8, 2008, De Lotta filed an amended complaint against Defendants Dezenzo's Italian Restaurant, Inc. ("Dezenzo's") and Arthur Allers ("Allers") on behalf of himself and other similarly situated employees. (Doc. No. 3.) He alleged that the Defendants failed to pay him overtime compensation due under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. (*Id.* ¶ 1.) He also sought liquidated damages, attorney's fees, and costs. (*Id.* ¶ 5.) The amended

complaint was served on the Defendants on December 19, 2008. (Doc. Nos. 4 and 5.) The Defendants failed to respond as required by law. The Clerk of Court entered a default against the Defendants on January 14, 2009. (Doc. No. 9.)

Pursuant to the entry of default, De Lotta filed the instant motion. No other individuals have filed consents to join the case. De Lotta filed an affidavit in support of the motion. (Doc. No. 11 p. 6.) The Defendants did not respond to the motion.

### III. ALLEGATIONS OF THE AMENDED COMPLAINT

De Lotta alleges that he worked at Dezenzo's as a cook and landscaper within the last three years. (Doc. No. 3 ¶ 2.) He also alleges that the Defendants were employers within the meaning of the FLSA and that Dezenzo's was an enterprise engaged in commerce as defined by the FLSA. (*Id.* ¶¶ 4, 8.) According to De Lotta, Allers owned and operated Dezenzo's and regularly exercised authority to: (1) hire and fire Dezenzo's employees; (2) determine work schedules for Dezenzo's employees; and (3) control finances and operations of Dezenzo's. (*Id.* ¶ 4.) De Lotta claims that the Defendants failed to compensate him at one and one-half times his regular rate of pay for all hours he worked in excess of forty hours per week. (*Id.* ¶¶ 10, 14.) Finally, he alleges that the Defendants' failure to pay him overtime compensation was willful. (*Id.* ¶ 15.)

### IV. ANALYSIS

**A.     Standard of Review**

A default judgment has the effect of establishing as fact the plaintiff's well-pleaded allegations of fact and bars the defendant from contesting those facts on appeal. *Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987). "[A] defendant's default does not in itself warrant the court in entering a

default judgment." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] A default judgment cannot stand on a complaint that fails to state a claim. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). The allegations must be well-pleaded in order to provide a sufficient basis for the judgment entered. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009).

"Although it must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. ----, 129 S. Ct. 1937, 1949 (2009)). "A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face." *Id.* (citing *Iqbal*, 129 S. Ct. at 1950; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-62 (2007)). "The well-pled allegations must nudge the claim 'across the line from conceivable to plausible.' " *Id.* at 1261 (quoting *Twombly*, 550 U.S. at 570).

Therefore, to establish a claim under the FLSA for unpaid overtime compensation, a plaintiff must allege facts and not mere conclusions of law. The complaint must contain facts showing the plaintiff is within the terms of the Act, which requires a sufficient allegation of facts showing the plaintiff is engaged in or is employed in an enterprise engaged in commerce or the production of goods for commerce. *See* 29 U.S.C. § 207(a)(1).

**B.     De Lotta's Objections to the R & R**

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to September 30, 1981.

The Court agrees with the Magistrate Judge's conclusion that De Lotta does not allege sufficient facts showing he or his employer was engaged in commerce or in the production of goods for commerce.[2] To establish jurisdiction for an overtime violation under the FLSA, an employee must show either "(i) that the employee was engaged in commerce or in the production of goods for commerce (*i.e.*, individual coverage), or (ii) that the employer was engaged in commerce or in the production of goods for commerce (*i.e.*, enterprise coverage)." *Williams v. Signature Pools & Spas, Inc.*, 615 F. Supp. 2d 1374, 1378 (S.D. Fla. 2009) (citing 29 U.S.C. § 207(a)(1)). For an employee claiming individual coverage to be "engaged in commerce" under the FLSA, he or she

> must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.*, transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.*, regular and recurrent use of interstate telephone, telegraph, mails, or travel.

*Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (citing 29 C.F.R. § 776.23(d)(2); 29 C.F.R. § 776.24). Enterprise coverage only applies where:

> (1) the employer has two or more employees regularly and recurrently engaged in commerce, or has two or more employees regularly and recurrently 'handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person' and
> (2) the employe''s annual gross volume of sales is $500,000 or more.

---

[2] After filing his notice of objection, De Lotta filed two notices of supplemental authority. (Doc. Nos. 30 and 31) (citing *Zebroski v. Gouak*, Civil Action No. 09-1857, 2009 WL 2950813, *1 (E.D. Pa. Sept. 9, 2009) and *Gregus v. Plan 4 College, Inc.*, No. 8:09-cv-01392-T-24-AEP, 2009 WL 3064664. *1 (M.D. Fla. Sept. 18, 2009)). The Court has read and considered both cases, neither of which is binding authority.

*Dent v. Giaimo*, 606 F. Supp. 2d 1357, 1360 (S.D. Fla. 2009) (citing 29 U.S.C. § 203(s)(1)(A); 29 C.F.R. § 779.238). District courts cannot presume for enterprise coverage either that the employer was involved in interstate commerce or that the employer grosses over $500,000 annually. *See Sandoval v. Fla. Paradise Lawn Maint., Inc.*, 303 Fed. App'x. 802, 805 (11th Cir. 2008).[3]

De Lotta's only allegation regarding whether he was engaged in or employed by an enterprise engaged in commerce or the production of goods for commerce is: "At all material times relevant to this action, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s). Additionally, Plaintiff was engaged in interstate commerce during his employment with Defendants." (Doc. No. 3 ¶ 8.) This allegation is insufficient to establish either enterprise or individual coverage. Contrary to De Lotta's objection that "[i]t is beyond the pale to suggest that *Iqbal* and *Twombly* somehow preclude victims of labor to seek redress in an Article III Court without first obtaining private financial information regarding their rogue employers in order to plead sufficient facts that establish enterprise coverage without the benefit of discovery" (Doc. No. 29 p. 8), the Magistrate Judge simply articulates the requirements for stating a claim under the FLSA. As stated above, a default judgment may only be entered when it is supported by well-pleaded allegations. *See Eagle Hosp.*, 561 F.3d at 1307.

De Lotta argues that the Magistrate Judge in the R & R, eight months after the amended complaint was served, "for the first time sua sponte challenges the sufficiency of De Lotta's amended complaint." (Doc. No. 29 p. 2.) This statement perplexes the Court. The Court was addressing De Lotta's motion, not engaging in a sua sponte "challenge." De Lotta seems to want it both ways: he

---

[3] In the Eleventh Circuit, unpublished decisions are persuasive but not binding authority.

objects that the Court sua sponte addresses the sufficiency of the amended complaint but also appears to object that the Court did not sua sponte address the sufficiency of the amended complaint eight months earlier.

De Lotta repeats over and over that he should not be required to parrot the elements of an FLSA claim in order to secure entry of a default judgment in his favor. De Lotta's preoccupation with hyperbolic metaphor, including an implication that the Court has a fanciful notion of justice with its "chimerical demand" regarding pleadings (*see* Doc. No. 29 p. 7), and his counsel's firm's ideals[4] apparently causes him to overlook the part of the R & R explaining that he is *not* to parrot legal conclusions in his complaint. Rather, he must plead sufficient facts to bring his claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. The Court agrees that De Lotta does not have to "plead with particularity every element of a cause of action." (*See* Doc. No. 29 p. 4.) However, the Court will not enter a default judgment in the absence of well-pleaded allegations.

---

[4] The Court is in fact astounded by statements akin to advertisements for counsel's law firm, mentioned six times on a single page. (Doc. No. 29 p. 2 and n.2.) This is particularly brash in light of Judge Spaulding's recent order on October 30, 2009, that counsel's firm shall undergo an administrative management review by the Law Office Management Assistance Service of the Florida Bar. (*See In re FLSA Cases*, Case No. 6:08-mc-49, Doc. Nos. 55 and 58.) The sanctions were imposed because professionals in the firm's Wage and Hour department engaged in record-keeping and billing misconduct related to FLSA cases where plaintiffs sought entry of a default judgment or approval of a settlement. (Doc. No. 55 pp. 2-3.) Judge Spaulding's order lists previous orders that addressed work deficiencies of lawyers in that department; counsel was named several times. (*See id.* at 16-22.) Further, counsel's statement that his firm is not seeking attorney's fees because it wants quicker justice for De Lotta rings hollow – it was in the context of impending sanctions that the firm stated it would not seek payment of attorney's fees in default judgment cases. (*See id.* at 16.) Counsel's alleged concern for his client's case would be significantly more credible if counsel evaluated the effect of his blatant disregard for the Court's authority and changed his behavior accordingly.

The Court also agrees with De Lotta that an important part of the justice system is to obtain resolution in a timely manner.[5] Accordingly, the Court will give De Lotta ten (10) days from the date of this Order to amend his complaint to include sufficient factual allegations of enterprise or individual coverage, which is hardly sounding the "death knell" for De Lotta. De Lotta will have twenty (20) days thereafter to file proof of service of the amended complaint.

## V. CONCLUSION

Therefore, it is ORDERED as follows:

1. The Report and Recommendation filed on September 3, 2009 (Doc. No. 28), is ADOPTED and CONFIRMED and made a part of this Order.

2. Plaintiff David De Lotta's Motion for Entry of Default Final Judgment (Doc. No. 11), filed on March 23, 2009, is DENIED.

3. On or before Wednesday, **December 9, 2009**, Plaintiff David De Lotta shall file an amended complaint. On or before Friday, **January 8, 2010**, Plaintiff shall file proof of service of the amended complaint. Failure to timely file and serve an amended complaint will result in dismissal of the case without prejudice without further notice.

---

[5] De Lotta's counsel should be aware that his suggestion that this Court and/or the Magistrate Judge took too long issuing the R & R was not lost on the Court. Counsel's expectation that a court should drop everything in order to work on his client's case is outrageous. This is certainly true in the Middle District of Florida, which ranks fifth among the 94 federal district courts in the number of case filings per district judge and 33% above the national average. ADMIN. OFFICE OF THE U.S. COURTS, ANNUAL REPORT OF THE DIRECTOR: JUDICIAL BUSINESS OF THE UNITED STATES COURTS (2008). The Court recommends that counsel focus on his own role in the quest for justice and not on managing the Court's calendar.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida, on November 24, 2009.

Copies furnished to:

United States Magistrate Judge
Counsel of Record

ANNE C. CONWAY
United States District Judge